[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 22, 2011
JOHN LEY
CLERK

No. 10-11483
Non-Argument Calendar
_____

D.C. Docket No. 6:08-cv-00662-MSS-DAB


SHARON ANN ANDERSON,

Plaintiff - Appellant,

versus

JPMORGAN CHASE & CO.,
CHASE BANKCARD SERVICES, INC.,
JPMORGAN CHASE BANK, N.A.,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 22, 2011)

Before EDMONDSON, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Sharon Ann Anderson, appearing pro se, appeals the grant of summary judgment in favor of her former employer in her discrimination and retaliation suit brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112(a) and 12203(a). No reversible error has been shown; we affirm.

Anderson, who suffers from reactive airway disease and chronic asthma, worked for JPMorgan Chase & Company as a First Response Coordinator in the call center. She alleged that her asthma symptoms flared up when Chase began having carpets cleaned around Anderson's work area. Chase temporarily moved her to the Human Resources ("HR") department; but the carpets there eventually had to be cleaned too. Over the next six months, Chase offered Anderson other accommodations; but these accommodations also caused her asthma symptoms to flare. Anderson alleged that Chase discriminated against her by not providing her with a reasonable accommodation and that her termination was in retaliation for complaining to the Equal Employment Opportunity Commission ("EEOC").

The district court concluded that Anderson made no prima facie case of disability discrimination because Chase reasonably tried to accommodate her and because she identified no reasonable accommodation that would have allowed her to perform the essential functions of her job. About retaliation, the district court concluded that Anderson's refusal to return to work after being specifically

2

directed to do so constituted a legitimate, non-retaliatory reason for Chase's termination of her and that Anderson failed to show that this reason was pretextual.

On appeal, Anderson argues that the district court improperly granted summary judgment and repeats her argument that Chase provided her with no reasonable accommodation. We review the grant of summary judgment de novo, viewing the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002).

Under the ADA, an employer discriminates against a qualified person if the employer fails to provide reasonable accommodation for the person's disability, unless the employer can demonstrate that the accommodation would impose an undue hardship on the employer's business. 42 U.S.C. § 12112(b)(5)(A). "The plaintiff bears the burden of identifying an accommodation, and of demonstrating that the accommodation allows [her] to perform the job's essential functions." Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255-56 (11th Cir. 2001). "Whether an accommodation is reasonable depends on specific circumstances." Terrell v. USAir, 132 F.3d 621, 626 (11th Cir. 1998).

Contrary to Anderson's assertion, Chase engaged fully in an interactive process to accommodate Anderson. After Anderson started having breathing problems at her original work station, Chase moved her to five different work stations in an effort to accommodate her. Chase also allowed Anderson to take many days of paid leave, provided her with fans, offered to remove the carpet from her workspace, suggested that she take short-term disability, cleaned her carpet with only water, and tested the air quality of her work stations. Chase also tried to discuss Anderson's condition with her doctor, but Anderson would not allow Chase to do so.[1]

That Chase offered Anderson many accommodations is no concession that any attempted accommodation was reasonable. See Terrell, 132 F.3d at 627 n.6. While Chase's attempted accommodations were unsuccessful, Anderson showed no reasonable accommodation that would have allowed her to perform the essential functions of her job, which included being present physically at work.[2]

---

[1]On these facts, Anderson's assertion that Chase intentionally moved her to work stations that would make her asthma flare up is simply unsupported by the record.

[2]Anderson argues that being allowed to remain in the HR Department or to work from a small conference room was reasonable accommodation. But undisputed record evidence showed that Anderson had breathing troubles while in the HR Department and that the HR Department carpets needed to be cleaned periodically. The small conference rooms were needed for other purposes, and

Anderson was entitled only to a reasonable accommodation, not the accommodation of her choice. Earl v. Mervyn's, Inc., 207 F.3d 1361, 1367 (11th Cir. 2000).

Under these circumstances, no reasonable juror could find in Anderson's favor; and summary judgment was thus appropriate. Anderson's arguments to the contrary are unavailing. "Liability simply cannot arise under the ADA when an employer does not obstruct an informal interactive process; makes reasonable efforts to communicate with the employee and provide accommodations based on the information it possesses; and the employee's actions cause a breakdown in the interactive process." Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997).

About retaliation, Anderson repeats her argument that Chase fired her because she complained to the EEOC about Chase's failure to accommodate her

Anderson still could have been exposed to fumes that would affect her asthma and make her leave work. Anderson also argues that Chase could have reassigned her to a different position in Chase's Home Finance Department, which was located in another town. But Anderson failed to identify a specific job or to explain why she was qualified for the job or whether she could fulfill the job's essential requirements. See Lucas, 257 F.3d at 1258-59 (where a plaintiff is able to show evidence that a vacant job in another department may have existed, but offered no evidence about whether he was qualified for that job or could perform the job's essential functions, the plaintiff failed to satisfy his burden of showing a reasonable accommodation that his employer could have provided).

5

and that Chase's reason for firing her was pretextual. When a plaintiff makes a prima facie case of retaliation, the burden shifts to the employer to articulate legitimate reasons for the challenged employment act.[3] Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 n.6 (11th Cir. 2000). When the employer meets its burden, the plaintiff then must demonstrate that the employer's reasons are a pretext for prohibited retaliatory conduct. Id.

After Chase's attempted accommodations did not work, Anderson was absent from work for two weeks. Chase excused the time away. But Chase then instructed Anderson to return to work or to allow its medical director to speak with her doctor. Chase terminated Anderson for failing to return to work after being instructed to do so. Not being physically able to come to work when physical attendance is a requirement of one's job is a legitimate reason for an employer to take an adverse employment act against an employee. See Gilchrist v. Bolger, 733 F.2d 1551, 1553 (11th Cir. 1984) (concluding that the employer's explanation that it did not promote plaintiff because of her poor attendance record was a legitimate, nondiscriminatory reason). That Anderson's job required that she regularly be physically present in Chase's office and that Anderson had a large

---

[3]We assume, as did the district court, that Anderson made a prima facie case of retaliation.

number of absences is undisputed. Chase also had a written policy which stated that employees could be fired for excessive absences.

To show pretext when an employer claims that a plaintiff was fired for violating a work rule, a plaintiff must show evidence that (1) she did not violate the cited work rule, or (2) that if she did violate the rule, other employees outside the protected class who engaged in similar acts were not similarly treated. Damon v. Fleming Supermarkets, Inc., 196 F.3d 1354, 1363 (11th Cir. 1999). We agree with the district court that Anderson failed to show that Chase's reasons for terminating her were pretextual. She failed to show either that she did attend work or that other employees who were absent from work for prolonged periods were not fired.

Anderson argues that she showed pretext because Chase employees intentionally placed her in work stations with chemicals, thus preventing her from coming to work. But conclusory allegations and unsupported assertions like this one are insufficient to establish an inference of pretext. See Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th Cir. 1996). As noted, Chase tried to accommodate Anderson's asthma for six months before it terminated her.

In sum, Anderson failed to carry her burden of showing a reasonable accommodation that would allow her to perform the essential functions of her job

7

or of proving that she was fired because of a retaliatory motive instead of for refusing to come to work.  So, the district court correctly granted summary judgment to Chase.

AFFIRMED.